IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GAMINI PEMASIRI WATAGODAPITIYE GEDARA and NANDA KUMARI EKANAYAKE MUDIYANSELAGE, § § § § | | |
| Plaintiffs, § § | | |
| § | CIVIL ACTION NO. H-20-2356 | |
| v. § § | | |
| SNAP ADVANCES, LLC, § § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER**

In this removed action, Plaintiffs Gamini Pemasiri Watagodapitiye and Nanda Kumari Ekanayake Mudiyanselage (collectively, "Plaintiffs") allege claims of commercial misrepresentation, deceptive trade practices, and unjust enrichment against Snap Advances, LLC ("Defendant").[1] Pending before the court is Defendant's Motion to Transfer Venue and, Alternatively, Motion to Dismiss for Forum Non Conveniens ("Motion to Transfer") (Docket Entry No. 3). For the reasons explained below, the Motion to Transfer will be granted.

---

[1] First Amended Complaint in File From Harris County Clerk ("Complaint"), Exhibit C to Notice of Removal, Docket Entry No. 1-3, pp. 25, 29-32. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

I. **Factual and Procedural Background**

Plaintiffs are individuals residing in Harris County, Texas, who operated a Texas import and retail business named Ceysco.[2] Defendant is a limited-liability corporation organized under the laws of Utah.[3] Plaintiffs and Defendant entered into a Purchase and Sale Agreement for Future Receivables ("the Agreement").[4] The Agreement provides for an advance of $35,000.00 paid by Defendant against the future amount of $50,050.00, to be repaid by Ceysco by way of daily debits of $355.[5] Plaintiffs' Complaint alleges that Ceysco received a "loan of about $103,000 in two installments . . . which Plaintiffs paid back with interest totaling $125,000."[6] There is no dispute that the action is rooted in the Agreement and the transaction that it describes.

Both Plaintiffs signed the Agreement as "owners/guarantors" for Ceysco.[7] The Agreement contains a forum-selection clause designating the federal and state courts Utah as the exclusive forum for disputes related to the Agreement:

---

[2] Id. at 25 ¶ 1.

[3] Id. at 25-26 ¶¶ 2 & 3.

[4] Id. at 26 ¶¶ 3-5; Purchase and Sale Agreement for Future Receivables ("Agreement"), Exhibit A to Motion to Transfer, Docket Entry No. 3-1, pp. 1-2, 7.

[5] Agreement, Exhibit A to Motion to Transfer, Docket Entry No. 3-1, p. 2.

[6] Complaint, Exhibit C to Notice of Removal, Docket Entry No. 1-3, p. 25, p. 26 ¶ 3.

[7] Agreement, Exhibit A to Motion to Transfer, Docket Entry No. 3-1, pp. 1, 7.

> **Section 5.6** Governing Law.  This Agreement shall be governed by and construed in accordance with the laws of the State of Utah.  Seller and any Guarantor consent to the jurisdiction of the federal and state courts located in the State of Utah and County of Salt Lake and agree that such courts shall be the exclusive forum for all actions, proceedings, or litigation arising out of or relating to this Agreement or subject matter thereof, notwithstanding that other courts may have jurisdiction over the parties and the subject matter thereof.[8]

Defendant filed its Motion to Transfer on July 10, 2020.[9] Plaintiffs responded on July 20, 2020,[10] and Defendant replied on July 29, 2020.[11]  Plaintiffs are proceeding pro se.[12]  The court construes Plaintiffs' pro se filings liberally.  See Coleman v. United States, 912 F.3d 824, 828 (5th Cir. 2019).

## II.  Law & Analysis

Pursuant to 28 U.S.C. § 1404(a), Defendant seeks to transfer this case to the United States District Court for the District of Utah in accordance with the forum-selection clause in the Agreement.[13]  When evaluating a motion to transfer venue, the Court

---

[8]Id. at 6 § 5.6.

[9]Motion to Transfer, Docket Entry No. 3.

[10]Plaintiffs' Memorandum in Support of Keeping the Matter in This Court in Texas ("Plaintiffs' Response"), Docket Entry No. 5. Plaintiff also filed what appears to be a duplicate of their response on July 27, 2020.  See Docket Entry No. 6.

[11]Defendant Snap Advances, LLC's Reply in Further Support of Its Motion to Transfer Venue and, Alternatively, Motion to Dismiss for Forum Non Conveniens ("Defendant's Reply"), Docket Entry No. 7.

[12]Plaintiffs' Response, Docket Entry No. 5, p. 1.

[13]The forum-selection clause specifies that actions related to the contract should be brought in the County of Salt Lake, Utah, which is located in the Central Division of the District of Utah.

must first determine whether a contractually valid forum-selection clause exists that applies to the present case. See <u>Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas,</u> 134 S. Ct. 568, 581 n. 5 (2013); <u>Stinger v. Chase Bank, USA, NA,</u> 265 F. App'x 224, 226-27 (5th Cir. 2008). If such a forum-selection clause exists, the Court must then determine whether any extraordinary circumstances unrelated to the convenience of the parties exist that warrant denial of transfer. <u>Atlantic Marine,</u> 134 S. Ct. at 575, 581 & n. 5. If no such extraordinary circumstances exist, the Court should grant the motion to transfer in accordance with the forum-selection clause. <u>Id.</u> at 575, 581.

**A.    Plaintiffs Are Bound by a Mandatory Forum Selection Clause**

Plaintiffs argue that they are not bound by the Agreement because Ceysco, the primary party to the contract, no longer exists.[14]  But Plaintiffs signed the Agreement as guarantors, and the forum-selection clause expressly applies to guarantors.[15]  A guarantor who signs a contract that states that he is subject to the contract's forum-selection clause is bound by the clause. <u>Harland Clarke Holdings Corp. v. Milken,</u> 997 F. Supp. 2d 561, 575-76 (W.D. Tex. 2014).

---

[14]Plaintiffs' Response, Docket Entry No. 5, p. 4.

[15]Agreement, Exhibit A to Motion to Transfer, Docket Entry No. 3-1, pp. 1, 6, 7.

Plaintiffs also argue that they are not bound by the clause because they were unaware of the forum-selection clause and unfamiliar with English and the law.[16] But "[u]nless prevented by trick or artifice, one who signs a contract 'must be held to have known what words were used in the contract and to have know their meaning, and he must also be held to have known and fully comprehend the legal effect of the contract.'" Moore v. Moore, 383 S.W.3d 190, 196 (Tex. App.-Dallas 2012, pet. denied) (quoting Nguyen Ngoc Giao v. Smith & Lamm, P.C., 714 S.W.2d 144, 146 (Tex. App.—Houston [1st Dist.] 1986, no writ); see also Western Properties v. Southern Utah Aviation, Inc., 776 P.2d 656, 658 (Utah App. 1989) ("[A] signatory cannot, with hindsight, claim ignorance of the contract and thereby escape liability."). A person who signs a contract "is obligated to protect himself by reading what he signs and, absent fraud, may not excuse himself from the consequences of failing to meet that obligation." In re Media Arts Group, Inc., 116 S.W.3d 900, 908 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); see also Resource Management Co. v. Weston Ranch & Livestock Co., 706 P.2d 1028, 1047 (Utah 1985). Accordingly, Plaintiffs' objection to the enforcement of the Agreement on the grounds that they did not understand its language or effects lacks merit. See id.

---

[16]Plaintiffs' Response, Docket Entry No. 5, p. 4.

Plaintiffs' claims fall within the scope of the forum-selection clause. District courts within this circuit have looked to three factors in making this determination: "(1) whether the tort claims 'ultimately depend on the existence of a contractual relationship between the parties;' (2) whether 'resolution of the claims relates to interpretation of the contract;' and (3) whether the claims 'involv[e] the same operative facts as a parallel claim for breach of contract.'" See, e.g., AlliantGroup, L.P. v. Mols, Civil Action No. H-16-3114, 2017 WL 432810, at *7 (S.D. Tex. Jan. 30, 2017). Plaintiffs' claims relate to both the Agreement and the economic relationship that it created and would not exist without them. Because the clause states that the courts in Utah "shall be the exclusive forum for all actions" related to the Agreement, the clause is unambiguously mandatory. See Weber v. PACT XPP Technologies, AG, 811 F.3d 758, 768–69 (5th Cir. 2016). The court concludes that Plaintiffs are bound by the forum-selection clause, that the clause is mandatory, and that the clause applies to the this action.

**B.   No Extraordinary Circumstances Warrant Denial of Transfer**

Because a contractually valid forum-selection clause exists that applies to the action, transfer is required unless extraordinary circumstances warrant otherwise. Atlantic Marine, 134 S. Ct. at 575, 581 & n. 5. Plaintiffs bear the burden of establishing that transfer is unwarranted. Id. at 581.

When determining whether extraordinary circumstances exist that warrant denial of transfer, only the public-interest factors of a traditional § 1404(a) analysis may be considered; the private-interest factors of a traditional § 1404(a) analysis, which involve the private interests of the parties and their witnesses, are not relevant. Id. at 581-82. The public-interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004). The familiarity of the selected forum with the governing law should only be considered as weighing in favor of transfer if the governing law is "exceptionally arcane." See Atlantic Marine, 134 S. Ct. at 584. "In all but the most unusual cases," no extraordinary circumstances will exist that warrant refusal to transfer in accordance with a forum-selection clause. Id. at 582-83.

Plaintiffs argue three reasons why the action should not be transferred to the District of Utah: (1) Plaintiffs, as individual residents of Texas, would be disadvantaged by being forced to bring the action in Utah; (2) the relevant business activity to the dispute occurred in Texas; and (3) Plaintiffs' claim for relief is based in Texas law.[17] The first argument lacks merit because the

---

[17]Plaintiffs' Response, Docket Entry No. 5, pp. 4-5.

court cannot consider the convenience of the parties or Plaintiffs' preferred choice of forum if there is a binding forum-selection clause. <u>Atlantic Marine,</u> 134 S. Ct. at 581-82. The second argument goes to the public interest factor of the local interest in having localized interests decided at home, which the court agrees weighs somewhat against transfer. The third argument goes to the familiarity of the forum with the law that will govern the case. But because Plaintiffs have not argued that the Texas law applicable in this action is "exceptionally arcane," the court concludes that factor does not weigh against transfer. Plaintiffs have provided no arguments as to the factors of the relative court congestion between the Southern District of Texas and the District of Utah or any conflicts of law.

Because at most only the local interest factor weighs against transfer, the court concludes there are no extraordinary circumstances that warrant denying transfer in the face of a mandatory forum-selection clause. Accordingly, the court will grant Defendant's Motion to Transfer, and the action will be transferred to the Central Division of the District of Utah.

### III. Conclusion and Order

For the reasons explained above, the court concludes that the parties agreed to a mandatory forum-selection clause that requires the action to be prosecuted the forum of Utah, and that no extraordinary circumstances warrant denying transfer of the action.

Defendants' Motion to Transfer Venue and, Alternatively, Motion to Dismiss for Forum Non Conveniens (Docket Entry No. 3) is therefore **GRANTED**, and this action is **TRANSFERRED** to the United States District Court for the District of Utah.

**SIGNED** at Houston, Texas, on this the 7th day of August, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE