IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Gamini Pemasiri Watagodapitiye Gedara, and Nanda Kumari Ekanayake Mudiy Ansela,<br><br>Plaintiffs,<br>v.<br><br>Snap Advances LLC, a Utah limited liability company,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:20-cv-572 DBB DBP<br><br>District Judge David B. Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendant's Motion to Dismiss for Failure to State a Claim.[1] (ECF No. 14.) Defendant Snap Advances, LLC, asserts the claims brought by Plaintiffs, who are acting *pro se*, are barred by claim preclusion because they were compulsory counterclaims to Snap's action for breach of contract brought previously in Utah state court. Plaintiffs originally filed this matter in Harris County, Texas in November 2019. It was subsequently removed to the United States District Court for the Southern District of Texas. That court then transferred this case here. (ECF No. 8.) After reviewing the history of this case, the parties' memoranda, and relevant case law, the undersigned recommends Defendant's Motion to Dismiss be granted.

BACKGROUND

Plaintiffs are individuals that reside in Harris County, Texas. They operated a Texas import and retail business named Ceysco. *See* Plas' First Amend. Compl. ¶ 3, ECF No. 1-3. Plaintiffs and Defendant entered into a Purchase and Sale Agreement for Future Receivables.

---

[1] This matter is referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(B) from District Judge David B. Barlow. (ECF No. 13.) The court elects to decide the motion on the basis of the written memoranda. DUCivR 7-1(f).

Both Plaintiffs signed the Agreement as "owners/guarantors" for Ceysco. Agreement, Ex. A to Motion to Transfer, ECF No. 3-1. The Agreement contains a forum-selection clause designating the federal and state courts in Utah as the exclusive forum for disputes relating to the agreement. It states:

> Section 5.6 Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of Utah. Seller and any Guarantor consent to the jurisdiction of the federal and state courts located in the State of Utah and County of Salt Lake and agree that such courts shall be the exclusive forum for all actions, proceedings, or litigation arising out of or relating to this Agreement or subject matter thereof, notwithstanding that other courts may have jurisdiction over the parties and the subject matter thereof.

*Id.* at 6 § 5.6.

Defendant filed a Motion to Transfer that the District Court in Texas granted. (ECF No. 8.) The matter was then transferred to this court and Defendant subsequently filed the Motion to Dismiss that is pending before the court.

## DISCUSSION

Before turning to Defendant's Motion to Dismiss, the court notes that Plaintiffs have made a request to transfer this case back to Texas. (ECF No. 15, ECF No. 16.) This request lacks merit. The court has carefully reviewed the Texas court's memorandum decision transferring this case here and finds there is no reason to reconsider that decision. In fact, many of the arguments made by Plaintiffs to transfer the matter back to Texas, such as a lack of legal knowledge and poor English, were already rejected. And, there is nothing new before the court to alter that prior decision.

In this case, Plaintiffs allege claims of commercial misrepresentation – both intentional and negligent, deceptive trade practices, and unjust enrichment. Defendant argues these claims are barred by claim preclusion because they were compulsory counterclaims to Snap's action for

breach of contract brought in state court. Attached to Snap's motion is an order granting it summary judgment and final judgment in the state court action. (ECF No. 14-2, ECF No. 14-3.)

"Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action." *N. Nat. Gas Co. v. Grounds*, 931 F.2d 678, 681 (10th Cir. 1991). Res judicata, or claim preclusion, includes giving preclusive effect to issues decided by state courts. *Montana v. United States*, 440 U.S. 147, 158 (1979) (holding the Montana Supreme Court's resolution of issues controlling); *Angel v. Bullington*, 330 U.S. 183, 186 (1947) (noting that an "adjudication bars future litigation between the same parties not only as to all issues actually raised and decided but also as to those which could have been raised" and the judgment of the state court precludes a litigant from starting over in another forum). Giving preclusive effect to state court decisions not only reduces litigation and fosters reliance on adjudication, but it "also promote[s] the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Grounds*, 931 F.2d at 681. In fact, Congress has required all federal courts to give the same preclusive effect to state court judgments, whenever the courts of a state from which a judgment arises would also do so by the Full Faith and Credit statute:

> [J]udicial proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State ... from which they are taken.

28 U.S.C. § 1738.

Res judicata, or claim preclusion, is an affirmative defense and the burden lies with the defendant to set forth sufficient facts to satisfy the elements. *See* Fed. R. Civ. P. 8(c). Claim preclusion requires the satisfaction of four elements "(1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based

on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit." *Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

Snap's suit for breach of contract ended with the state court entering summary judgment and a final judgment in its favor. The basis for summary judgment was the undisputed facts surrounding the Purchase Agreement. The alleged fact that Plaintiffs did not adequately respond in state court does not prevent the judgment from being a judgement on the merits. *See Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128-29 (10th Cir. 1991) (agreeing that a dismissal on limitations grounds is a judgment on the merits). Thus, the first element weighs in favor of Defendant.

The second element requires the parties to be identical or in privity. The parties here are identical, save for Plaintiffs' business name. Yet, that fact is not enough to prevent claim preclusion because Plaintiffs are signed guarantors for the business. The second factor weighs in favor of Defendant.

The third element looks to whether the suits are based on the same cause of action. "[A] cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." *Gen. Mills*, 124 F.3d at 1257. Claim preclusion provides that a final judgment on the merits of an action precludes the parties from re-litigating not only the adjudicated claim, "but also any theories or issues that were actually decided, or could have been decided, in that action." *Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1100 (10th Cir. 2007) (quotations and citation omitted). These broader claims, that could have been brought, are termed a compulsory counterclaim. A compulsory counterclaim is one that "(A) arises out of the transaction or occurrence that is the subject matter of the opposing

4

party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13. Federal courts "look to state law to determine if a claim is a compulsory counterclaim, and, if so, the effect of a failure to raise such a claim." *Duke Energy*, 497 F.3d at 1100.

Utah law mirrors federal law on compulsory counterclaims. Rule 13 of the Utah Rules of Civil Procedure provides:

> A pleading must state as a counterclaim any claim that--at the time of its service-- the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Utah R. Civ. P. 13. Further, a counterclaim "cannot be compulsory unless it is extant—i.e., matured or accrued—"at the time" of the relevant pleading." *Cottage Cap., LLC v. Red Ledges Land Dev.*, 2015 UT 27, ¶ 12, 345 P.3d 642, 645.

The prior case concerned the Purchase Agreement between Plaintiffs, who were its guarantors, their company, and Defendant Snap. Snap brought suit seeking to recover alleged amounts owed under the Agreement, and summary judgment was granted in Defendant's favor. (ECF No. 14-2.) Plaintiffs current causes of action—claims for commercial misrepresentation, deceptive trade practices, and unjust enrichment—are all intricately related to the Purchase Agreement, and they arose from the same transaction or occurrence. There is no indication in the record that these claims had not matured at the time of the prior state action. All of these claims, therefore, are compulsory counterclaims subject to claim preclusion because they could have, and should have, been brought as part of the prior case. The third element weighs in favor of claim preclusion.

Finally, claim preclusion requires that the party have a full and fair opportunity to litigate the claim in the prior suit. A failure of this type is evidenced by "a deficiency that would undermine the fundamental fairness of the original proceedings." *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1334 (10th Cir. 1988). "The fairness of the process is determined by examining any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited by the nature or relationship of the parties." *Gen. Mills*, 124 F.3d at 1257-58.

Plaintiffs assert they had difficulties and physical ailments that prevented them from responding in the state action. This could conceivably undermine the necessary full and fair opportunity to litigate the prior suit. The state court, however, did not withhold judgement based on those assertions and specifically cited to the undisputed facts surrounding their entry into the Purchase Agreement. There are no discernable procedural limitations in the state court proceedings. The parties here were involved in a business relationship that went south at some point. And, based on the amounts at stake, Plaintiffs had an adequate incentive to fully litigate the claims. The fourth factor therefore also weighs in favor of claim preclusion.

The Tenth Circuit noted the "typical claim preclusion scenario unfolds as follows: A plaintiff files suit against a defendant based on a particular transaction and the suit proceeds to a judgment. The plaintiff then files a second action against the same defendant based on the same transaction." *Duke Energy*, 497 F.3d at 1100. The factual scenario here is strikingly similar with only the parties changing hats from Plaintiff to Defendant. Thus, claim preclusion is appropriate.

**RECOMMENDATION**

For the reasons set forth above, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 30 April 2021.

_____
Dustin B. Pead
United States Magistrate Judge